UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM WYNN TINGLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NEVADA DEPARTMENT OF<br>PUBLIC SAFETY, *et al.*,<br><br>　　　　Defendants. | 3:14-cv-00406-MMD-VPC<br><br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

Before the court is plaintiff's application to proceed *in forma pauperis* (#4) and also his amended *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (#5). Having reviewed the record, the court recommends plaintiff's application to proceed *in forma pauperis* be granted. The court further recommends that the Amended Complaint be dismissed without prejudice, without leave to amend.

## I.   *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided with plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

## II.   LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The statute requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-

(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). When the court reviews a complaint under this standard, it accepts as true all of the plaintiff's allegations and construes the complaint in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The court is to "construe *pro se* filings liberally . . . and to 'afford the petitioner the benefit of any doubt.'" *Id*.

Although the standard is broad, it is not limitless. Despite the leniency afforded to *pro se* plaintiffs, the court need not accept as true conclusory allegations, unwarranted deductions, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Further, the complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must allege sufficient facts to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### III.   PLAINTIFF'S AMENDED COMPLAINT

**A.   Allegations**

Adam Tingley ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections. Plaintiff is currently incarcerated at Warm Springs Correctional Center in Carson City, Nevada. In his Amended Complaint, plaintiff has named as defendants the Nevada Department of

Public Safety ("DPS"); the Nevada Division of Parole and Probation; DPS Acting Chief Mark Woods; and DPS Specialists Karin Hornbarger and Kimberly Strong. (#5 at 1-2).

Plaintiff challenges the "numerous inaccuracies in [his] PSI at sentencing." (*Id*. at 3). He contends that he was not given an evidentiary hearing to contest certain issues of fact contained in that presentencing investigation report; therefore, he was sentenced more harshly, denied probation, and then, while incarcerated, denied parole eligibility. (*Id*.). Accordingly, plaintiff asserts, pursuant to 42 U.S.C. § 1983, violations of: his procedural due process rights Fourteenth Amendment (*Id*. at 4); his right to "liberty" under the Fifth Amendment, in that he received a lengthier sentence without parole eligibility (*Id*. at 5); and finally, his Eighth Amendment rights, due to the role of the allegedly inaccurate report in his "harsher sentence" and ineligibility for parole (*Id*. at 6).

For these alleged violations, plaintiff seeks damages in excess of $150,000; injunctive relief related to the handling of "new and corrected" presentencing investigation report; $25,000 in damages against each defendant, individually; and injunctive relief in the form of "a mechanism . . . that allows the courts to correct challenged inaccuracies in a [presentencing investigation report]." (*Id.* at 9).

**B.    Analysis**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff

to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Further, to prove a § 1983 claim, the plaintiff must necessarily establish each of the elements required to prove the defendant's infringement of the underlying substantive right.

Yet § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Thus, federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson*, 528 F.3d at 695. When a prisoner challenges the legality or duration of his custody; raises a constitutional challenge which could entitle him to an earlier release; or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence; his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson v. Thomas*, 528 F.3d 685, 692-93 (9th Cir. 2008).

Under these principles, and for the following reasons, the court recommends that the Amended Complaint be dismissed without prejudice. First, plaintiff's complaint plainly seeks money damages related to the duration of his state sentence, and also and injunctive relief in the form of a "new" and accurate presentencing report, which necessarily implies a request for vacating the state court judgment—for such relief could address his injury only if state officials vacated the sentence and considered penalties anew, in light of a new report without the alleged inaccuracies.

Section 1983, therefore, is not an appropriate vehicle for relief. *Heck*, 512 U.S. at 486-88. If plaintiff wishes to recover under § 1983, he must first establish that the underlying conviction is invalid through a *habeas corpus* action. Second, plaintiff's factual allegations are vague and conclusory. He contends there were inaccuracies in the records obtained by defendants, but the Amended Complaint offers little factual basis in support of these conclusory contentions. Even if the prospective injunctive remedy was within the power of the District Court to grant, dismissal is nevertheless proper because plaintiff does not state facially plausible claims. *Iqbal*, 556 U.S. at 678.

Finally, regarding the Eighth Amendment claim, plaintiff has not stated a viable claim, even accepting as true his conclusory allegations. The canon of Eighth Amendment authority confirms that the aim of that provision is not to protect against the very fact of punishment or the imposition of a sentence when, due to some error, the defendant merits a lesser punishment or no punishment at all. Instead, the Eighth Amendment proscribes types and manners of punishment so severe and brutal that they serve no legitimate penological purpose and offend "any standard of human dignity." *United States v. Bailey*, 444 U.S. 394, 423 (1980) (Blackmun, J., dissenting). In other words, contentions that punishment is excessive because of an underlying procedural error speak not to the Eighth Amendment, but rather, to the due process guarantees of the Fourteenth.

## IV.   CONCLUSION

The Amended Complaint improperly seeks remedy for allegedly unconstitutional conduct related to the duration of his state court conviction. The court, therefore, concludes that dismissal without prejudice is warranted.

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules, the parties may file specific written objections to this Report and Recommendation within fourteen days

of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order. Any notice of appeal should not be filed until entry of the District Court's judgment.

## V.     RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#4) be **GRANTED**. Plaintiff shall not be required to pay an initial installment fee. The full filing fee shall still be due, pursuant to 28 U.S.C. § 1915(b), as amended by the Prisoner Litigation Reform Act of 1996 ("PLRA"). Plaintiff shall be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall remain due, pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(b), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Adam Wynn Tingley, **Inmate No. 80020** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER RECOMMENDED** that the Clerk shall detach and **FILE** the Amended Complaint (#5).

**IT IS FURTHER RECOMMENDED** that the Amended Complaint be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that the Clerk **SHALL SEND** plaintiff two copies of an *in forma pauperis* application for a prisoner, one copy of instructions for the same, two copies of a blank 28 U.S.C. § 2254 *habeas corpus* form, and one copy of instructions for the same.

**DATED**: January 20, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**