UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ADAM WYNN TINGLEY,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>NEVADA DEPARTMENT OF PUBLIC SAFETY, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:14-cv-00406-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 8) ("R&R") relating to plaintiff's application to proceed *in forma pauperis* (dkt. no. 4) and *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (dkt. no. 5). An objection to the R&R was timely filed by Plaintiff ("Objection") (dkt. no. 10).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See*

*United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

The R&R recommended granting Plaintiff's application to proceed *in for a pauperis* and dismissing Plaintiff's Amended Complaint without prejudice for failure to state a claim under 42 U.S.C. § 1983. Plaintiff objects to the R&R's recommendation of dismissal.

Plaintiff is an inmate at Warm Springs Correctional Center. (Dkt. no. 5 at 1.) Plaintiff's claims are based on alleged "grossly inaccurate" information in his presentence investigation report ("PSI") including information about his criminal record, in connection with his sentencing that led to a harsher sentence and denial of probation. (*Id.* at 4-7.) He seeks as relief monetary damages, revision of his PSI and "[a] mechanism to be put in place that allows the courts to correct challenged inaccuracies in a P.S.I." (*Id.* at 9.) The R&R correctly found that Plaintiff cannot state a claim under § 1983 because his allegations relate to a challenge to the legality or duration of his custody. (Dkt no. 8 at 4.)

In his objection, Plaintiff contends that he is not asking to modify his sentence or for a new trial, but is asserting claims based on the alleged inaccurate information in the PSI. (Dkt. no. 10 at 1-2.) This clarification may reflect that Plaintiff does not wish to pursue a petition for *habeas corpus* to challenge the fact or length of his confinement, but it does not rescue his claims. As the Ninth Circuit Court of Appeals has clarified in explaining the availability of § 1983 in the context of prisoner litigation, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Ramirez v. Galaza,* 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser v. Rodriguez,* 411 U.S. 475,

2

498-99 (1973). As alleged, Plaintiff is challenging the information in the PSI that led to his confinement and denial of probation, not the conditions of prison life. Accordingly Plaintiff cannot state a claim under § 1983.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 8) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (dkt. no. 4) is granted. Plaintiff shall not be required to pay an initial installment fee. The full filing fee shall still be due, pursuant to 28 U.S.C. § 1915(b), as amended by the Prisoner Litigation Reform Act of 1996 ("PLRA"). Plaintiff shall be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense. The full filing fee shall remain due pursuant to 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. § 1915(b), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Adam Wynn Tingley, **Inmate No. 80020** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the Clerk shall detach and file the Amended Complaint (dkt. no. 5).

It is further ordered that this case is dismissed without prejudice and without leave to amend.

The Clerk is directed to close this case.

DATED THIS 21st day of May 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3